UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NAHLA EPHRAIM :
 :
 v. : C.A. No. 10-192S
 :
HARTFORD LIFE AND :
ACCIDENT INSURANCE :
COMPANY :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

 Plaintiff Nahla Ephraim ("Plaintiff") commenced this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, challenging the denial of long-term disability ("LTD") benefits under a group policy issued to Plaintiff's former employer Wal-Mart Stores, Inc. by Defendant Hartford Life and Accident Insurance Company ("The Hartford"). (Document No. 1). The Hartford responded to Plaintiff's Complaint with a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) arguing that the claim is time barred and should be dismissed. (Document No. 8). Plaintiff filed a timely Objection. (Document No. 9).

 The Hartford's Motion was referred to me for a report and recommendation (28 U.S.C. § 636(b)(1)(B); LR Cv 72) and a hearing was held on September 8, 2010. Because the parties submitted materials outside the pleadings in connection with the Motion, it was converted under Fed. R. Civ. P. 12(d) to one for summary judgment under Fed. R. Civ. P. 56. (Document No. 14). Further, as required by Fed. R. Civ. P. 12(d), both parties were provided a "reasonable opportunity" to supplement their filings but neither did so and thus rested on their initial submissions. Accordingly, the matter is now ripe.

**Standard of Review**

When ruling on a motion for summary judgment, the court must look to the record and view all the facts and inferences therefrom in the light most favorable to the nonmoving party. Cont'l Cas. Co. v, Canadian Univ. Ins. Co., 924 F.2d 370, 373 (1st Cir. 1991). Once this is done, Rule 56(c) requires that summary judgment be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A material fact is one affecting the lawsuit's outcome. URI Cogeneration Partners, L.P. v. Bd. of Governors for Higher Educ., 915 F. Supp. 1267, 1279 (D.R.I. 1996). Factual disputes are genuine when, based on the evidence presented, a reasonable trier of fact could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To win summary judgment on a particular count of the complaint, the moving party must show that "there is an absence of evidence to support" the non-moving party's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In response, the nonmoving party cannot rest on its pleadings, but must "set forth specific facts demonstrating that there is a genuine issue for trial" as to the claim that is the subject of the summary judgment motion. Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988).

**Discussion**

The Hartford argues that Plaintiff's claim is time barred by the LTD policy's three-year contractual limitations period.[1] The Hartford contends that Plaintiff's contractual right to sue it under ERISA expired "at the latest" on January 3, 2010 – three years after the date it issued its "final

---

[1] The Policy provides that "Legal action cannot be taken against The Hartford: (1) sooner than 60 days after due proof of loss has been furnished; or (2) after the shortest period allowed by the laws of the state where the policy is delivered. This is 3 years after the time written proof of loss is required to be furnished according to the terms of the policy." (Document No. 8-1 at p. 90).

determination" to Plaintiff. Plaintiff's Complaint was filed on April 26, 2010, nearly four months after the contractual deadline.

Plaintiff does not dispute that the policy contains a three-year contractual limitations period on suits or that such three-year period is reasonable and generally enforceable in the ERISA context. See Island View Residential Treatment Ctr. v. Blue Cross Blue Shield of Massachusetts, Inc., 548 F.3d 24, 27 (1st Cir. 2008) (holding in ERISA case that a two-year contractual limitation period on filing suits was not facially unreasonable or unconscionable and thus enforceable). Plaintiff also does not dispute that the three-year contractual filing period expired on January 3, 2010 and that this lawsuit was not filed until April 26, 2010. See Forrest v. Paul Revere Life Ins. Co., 662 F. Supp. 2d 183, 192 (D. Mass. 2009) ("Although the case law is not entirely uniform on this point, the parties agree – and the Court is persuaded – that an ERISA cause of action for wrongful denial of benefits accrues when plaintiff's internal appeal is denied."). However, Plaintiff contends that The Hartford is not entitled to dismissal because there is a genuine issue of material fact as to whether The Hartford should be estopped from relying on a limitations provision in a policy that it never produced to Plaintiff or her attorney. For the following reasons, I agree and recommend that The Hartford's Motion be DENIED.

The Hartford argues that equitable estoppel is not applicable on these facts and relies primarily on Ortega-Candelaria v. Johnson & Johnson, No. 08-2382 (JAF), 2009 WL 1812423 (D.P.R. June 25, 2009) which it describes as the "same" as this case. (Document No. 12 at pp. 5-6). In Ortega-Candelaria, the plaintiff challenged the denial of LTD benefits under ERISA. The Court recognized the enforceability of contractual limitations provisions in LTD policies and dismissed the plaintiff's untimely claim. Id. at *3-4. In doing so, the Court rejected the plaintiff's argument that the insurer should be equitably estopped from relying upon the limitations period because it did not apprise him

of the applicable law on statute of limitations or make him aware of the current version of the LTD plan which contained the limitations provision. Id. at *3. After reviewing the relevant facts, the Court held that the insurer had no duty to instruct the plaintiff on the law and the plaintiff "had every opportunity to inquire and procure a current version of the LTD plan...when [the insurer] gave final notice of the[ ] denial of benefits." Id. at *4. However, as discussed below, the facts in Ortega-Candelaria are distinguishable.

In this case, Plaintiff argues that estoppel is warranted because the policy containing the limitations period was never produced to her or her attorney. By Affidavit, Plaintiff testifies that she used "all prior correspondence from The Hartford as a guide to [her] rights" and that the only document she received from either The Hartford or Wal-Mart regarding her LTD benefits was a booklet which appears to be a summary plan description ("SPD") issued by the Plan Administrator, Wal-Mart, pursuant to 29 U.S.C. §§ 1022 and 1024(b). (Document No. 11-2). The SPD does not include or refer to the three-year claim filing limitation. Id. The SPD also contains the following disclaimer:

> This information is intended to be a summary of your benefits and does not include all policy provisions, exclusions, and limitations. If there is a discrepancy between this document and the policy issued by the insurance carrier, the terms of the policy will govern. <u>You may obtain a copy of the policy by contacting the insurance carrier</u>.

(Document No. 11-2 at p. 3) (emphasis added). The SPD also contains a section entitled "What can I do if my claim is denied?" and the response "You should contact the insurance carrier, The Hartford, for information about your right to appeal." Id. at p. 7.

Also by Affidavit, Plaintiff's counsel testifies that he never saw the policy until The Hartford filed the instant Motion and that The Hartford did not produce the policy in response to his request for

documents. (Document No. 11-1). In particular, on August 1, 2006, Plaintiff's counsel wrote to The Hartford and advised that he was representing Plaintiff, an LTD recipient whose benefits were terminated on June 23, 2006, and appealing such denial under ERISA. (Document No. 8-6). He also made a request under ERISA for "any and all documents used by your agency to disqualify [Plaintiff] from receiving further long term disability benefits." Id. By letter dated August 12, 2006, it is undisputed that The Hartford produced a copy of the "claim file" but not the policy to Plaintiff's counsel. (Document No. 11-1). However, according to Plaintiff, the response to the August 1, 2006 request should have included the policy since The Hartford's June 3, 2006 denial letter advised Plaintiff, in part, that "[w]e based our decision to deny your claim on policy language," (Document No. 8-5 at p. 2), and Plaintiff's counsel's request broadly sought "any and all documents used" to deny the claim. (Document No. 8-6).[2]

While the Court agrees with The Hartford that it did not have an affirmative duty to advise Plaintiff regarding the deadline to file a lawsuit, Ortega-Candelaria, 2009 WL 1812423 at *4 (an insurer has "no duty to instruct [an insured] on the law"), the law is clear that an insurer may be estopped from relying on a contractual limitation period contained in a policy when it "wrongfully or unjustifiably withholds the policy of insurance from the insured." Heezen v. Hartland Cicero Mut. Ins. Co., 217 N.W.2d 272, 275 (Wisc. 1974). See also Greater Providence Tr. Co. v. Nationwide Mut. Fire Ins. Co., 355 A.2d 718, 721 (R.I. 1976); Ottendorfer v. Aetna Ins. Co., 231 A.2d 263, 265 (Del. 1967); and 17

---

[2] Hartford counters that even if the August 1, 2006 letter can be considered a request for the policy, Plaintiff "made her request to the wrong party" because the party responsible for providing such documents under ERISA (29 U.S.C. § 1024(b)) is the "plan administrator" (29 U.S.C. § 1002(16)(A)(i)) which is designated in the policy as Wal-Mart and not The Hartford. (Document No. 8-1 at p. 46). This argument is irrelevant since Plaintiff is alleging estoppel and not an ERISA violation based on the failure to respond to an ERISA information request. In addition, the argument contradicts the SPD which informs the participant that "you may obtain a copy of the policy by contacting the insurance carrier" and that the "policy can be obtained by calling" the Hartford's 1-800 phone number. (Document No. 11-2 at pp. 3 and 5).

Couch on Insurance, 3d ed. at § 238:22 ("[w]here the insurer wrongfully and unjustifiably withholds the policy from the insured, the insurer may be estopped from relying on the suit limitation clause."). For instance, in Coates v. Metro. Life Ins. Co., 515 F. Supp. 647, 650 (D. Kan. 1981), the Court recognized that "an insurer may by its acts and conduct be estopped from asserting a limitation provision as a defense to an action on the policy" and that "[t]he particular facts of each case will determine whether or not the equitable doctrine of estoppel should be applied, the decision resting within the court's discretion." Although the Court found no "equitable duty" on the part of insurers to affirmatively inform insureds as to the existence of a contractual limitation provision, it found estoppel based on the insurer's failure to provide a copy of the policy in response to a request from the insured. Id. at 650-651. See also C.I.T. Leasing Corp. v. Travelers Ins. Co., 536 N.Y.S.2d 344, 345 (N.Y. App. Div. 1988) (holding that insurer is "estopped from asserting the 12-month contractual limitation period because it refused to provide plaintiff with the contract of insurance until after the period had expired").

Applying this precedent, I conclude that Plaintiff has submitted sufficient evidence to establish a *prima facie* case of equitable estoppel sufficient to withstand the entry of summary judgment. The Hartford advised Plaintiff that her LTD claim was denied at least in part based "on policy language" (Document No. 8-5) but it did not produce the policy when Plaintiff's counsel asked for "any and all documents" used to deny the claim. (Document No. 8-6). Also, although The Hartford advised Plaintiff in the final denial of her "right to bring a civil action under Section 502(a) of ERISA" (Document No. 8-7 at p. 2), it did not either specifically or generally notify Plaintiff of the contractual limitation period for filing an ERISA action contained in the policy.

As noted above, I conclude only that Plaintiff has made a *prima facie* case of equitable estoppel sufficient to withstand The Hartford's present dispositive motion. However, I do not determine that

equitable estoppel is warranted or predict that Plaintiff will ultimately prevail on the issue of equitable estoppel as there are open factual issues. For instance, the present record does not establish whether or not Plaintiff or her attorney had knowledge of the limitations period from any other source or whether or not Plaintiff and her attorney exercised reasonable diligence in ascertaining Plaintiff's rights under ERISA. I only conclude at this point that Plaintiff has produced sufficient evidence which, if believed and viewed in a light most favorable to Plaintiff, rebuts The Hartford's limitations defense and presents a factual issue as to whether The Hartford should be estopped from relying upon the policy's limitations period.

**Conclusion**

For the foregoing reasons, I recommend that Defendant's Motion for Summary Judgment (as converted by the Court under Fed. R. Civ. P. 12(d)) (Document No. 8) be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 15, 2010